UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB DBA CHRISTIANA TRUST AS TRUSTEE FOR HLSS MORTGAGE MASTER TRUST FOR THE BENEFIT OF THE HOLDERS OF THE SERIES 2014-1 CERTIFICATES ISSUED BY HLSS MORTGAGE MASTER TRUST,<br><br>    Plaintiff,<br>    v.<br><br>SFR INVESTMENTS POOL 1, LLC; and WASHBURN CREEK ASSOCIATION,<br><br>    Defendants. | Case No. 2:17-cv-00082-RFB-GWF<br><br>**ORDER** |
| WASHBURN CREEK ASSOCIATION,<br><br>    Third-Party Plaintiff,<br>    v.<br><br>ABSOLUTE COLLECTION SERVICES, LLC,<br><br>    Third-Party Defendant. | |
| SFR INVESTMENTS POOL 1, LLC,<br><br>    Counter-Claimant/Cross-Claimant,<br>    v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB DBA CHRISTIANA TRUST AS TRUSTEE FOR HLSS MORTGAGE MASTER TRUST FOR THE BENEFIT OF THE HOLDERS OF THE SERIES 2014-1 CERTIFICATES ISSUED BY HLSS | |

| | |
|---|---|
| 1 | MORTGAGE MASTER TRUST; HOUSING AND URBAN DEVELOPMENT, a government agency; FILIMON MIJAREZ, an individual; EVA MIJAREZ, an individual, |
| 2 | |
| 3 | Counter-Defendant/Cross-Defendants. |

## I. INTRODUCTION

Before the Court are Defendant Washburn Creek Association's Second Motion for Summary Judgment (ECF No. 67) and Defendant Counter-Claimant/Cross-Claimant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 68).

In the complaint filed January 10, 2017, Plaintiff Wilmington Savings Fund Society, FSB doing business as Christiana Trust on behalf of HLSS Mortgage Master Trust on behalf of Holders of the Series 2014-1 Certificates Issued by HLSS Mortgage Master Trust ("Wilmington") states five causes of action: (1) Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 *et seq.*, and NRS 40.010; (2) Declaratory Relief Under Amendments V and XIV to the United States Constitution; (3) Quiet Title Under the Amendments V and XIV to the United States Constitution; (4) Permanent and Preliminary Injunction; and (5) Unjust Enrichment. ECF No. 1.

For the reasons stated below, the Court grants Washburn Creek Association's Second Motion for Summary Judgment. The Court grants in part and denies in part SFR Investments Pool 1, LLC's Motion for Summary Judgment as detailed below.

## II. FACTUAL BACKGROUND

The Court finds that the following facts are undisputed for the purposes of the motions under consideration.[1]

Filimon Mijarez and Eva Mijarez formerly owned a property located at 624 Bengal Bay Avenue, North Las Vegas, Nevada 89081 (APN 124-35-315-008) ("the Property"). The Deed of Trust executed by the Mijarezes and recorded on April 28, 2008 identifies Direct Equity Mortgage,

---

[1] Wilmington appears to vaguely suggest that some of the public records may contain hearsay information, but it does not identify such hearsay and it does not deny the authenticity or accuracy of the relevant portions of the public records under consideration in this order. The Court finds the public recorded documents to be appropriate for findings of fact for this order.

LLC as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee Beneficiary, and Fidelity National Title Agency as the Trustee, and secures a loan in the amount of $266,945.00

On February 1, 2012, a Notice of Delinquent Assessment was recorded against the property by Absolute Collection Services, LLC on behalf of Washburn.

On May 7, 2012, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded against the Property by Absolute Collection Services, LLC on behalf of Washburn stating that the amount due was $1,910.00.

On August 28, 2012, a Notice of Trustee's Sale was recorded against the Property by Absolute Collection Services, LLC on behalf of Washburn stating that the amount due as of the initial publication of the Notice of Sale was $3,614.00.

On January 15, 2013, a nonjudicial foreclosure sale ("HOA sale") occurred whereby SFR acquired its interest, if any, in the Property for $13,600.00. SFR Investments Pool is the current title holder of record.

On June 25, 2014, an Assignment of Deed of Trust was recorded, assigning the beneficial interest in the Deed of Trust to Wilmington.

### III. PROCEDURAL BACKGROUND

Wilmington filed its complaint on January 10, 2017. ECF No. 1. Washburn filed its answer on March 23, 2017. ECF No. 12.

On March 30, 2017, Washburn Creek filed a third-party complaint against Absolute Collection Services, LLC. ECF No. 15. On April 6, 2017, SFR filed its answer to Wilmington with a counter-claim against Wilmington and cross-claims against Filimon Mijarez, Eva Mijarez, and Housing and Urban Development. ECF No. 18. Wilmington filed an answer to SFR's counter-claim on April 13, 2017. ECF No. 19. Absolute Collection Services filed an answer to Washburn Creek's third-party complaint on May 4, 2017. ECF No. 29.

On May 9, 2017, the Court entered a scheduling order. ECF No. 33. Discovery closed on November 6, 2017. ECF No. 44.

On November 28, 2017, Washburn filed a Motion for Summary Judgment. ECF No. 45. On January 9, 2018, Wilmington and SFR each filed a Motion for Summary Judgment. ECF Nos. 49, 51.

On July 13, 2018, the Court denied the three pending motions for summary judgment without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 49. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 22, 2018, Washburn filed the instant Second Motion for Summary Judgment. ECF No. 67. On August 23, 2018, SFR filed the instant Motion for Summary Judgment. ECF No. 68. The Court will now lift the stay in this case and consider the pending motions.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## V. DISCUSSION

### a. SFR's Motion for Summary Judgment

SFR seeks summary judgment against Wilmington as to Wilmington's claims and SFR's counter-claim and against Filimon Mijarez, Eva Mijarez, and Housing and Urban Development as to SFR's cross-claims. Only Wilmington responded to SFR's motion.

### i. Statute of Limitations

SFR argues that Wilmington's claims are barred by the applicable statute of limitations. For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). The foreclosure sale occurred on January 15, 2013. The Court finds that this is the date upon which all of Wilmington's claims regarding the invalidity of the foreclosure sale arose. The complaint was filed on January 10, 2017, just under four years later.

SFR argues that a three-year statute of limitations applies pursuant to Nevada Revised Statute ("NRS") 11.190(3)(a). The Court addresses each of Wilmington's five claims, and the applicable statute of limitations for each, in turn.

i. First Cause of Action

In its first cause of action, Wilmington alleges that its priority interest in the Property is protected by NRS 116.3116(2)(b) and by Washburn's Declaration of Covenants, Conditions, and Restrictions ("CC&Rs"). Wilmington also alleges that the notice and mailing requirements for foreclosure violated Nevada law. Insofar as Wilmington's claim relates to any right protected by NRS 116.3116 and the violation of that right, Wilmington's first cause of action carries a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Because Wilmington's Complaint was filed over three years after the cause of action accrued, the three-year statute of limitations bars Wilmington's complaint against SFR as to wrongful foreclosure under NRS 116.3116 or related statutes.

The three-year statute of limitations pursuant to NRS 11.190(3)(a) does not foreclose Wilmington's first claim as relates to any right protected by Washburn's CC&Rs. However, as a matter of law, a foreclosure sale cannot be invalidated by an HOA's failure to comply with a requirement in its own CC&Rs. NRS 116.1104 states that, absent express statutory language to the contrary, Chapter 116's provisions "may not be varied by agreement, and rights conferred by

5

it may not be waived." Chapter 116 does not expressly provide that a declaration can set forth additional notice requirements that, unless satisfied, negate the status of the super-priority portion of an HOA's lien. See SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 418–19 (Nev. 2014) (holding that the bank's argument that a mortgage savings clause in the CC&Rs subordinated the HOA's super-priority lien was defeated by NRS 116.1104, and stating that "[t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case").

Wilmington is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

ii. Second & Third Causes of Action

In its second and third causes of action, Wilmington alleges that NRS 116.3116 *et seq.* is facially unconstitutional and that any purposed notice in the instant case was inadequate, insufficient, and in violation of Wilmington's constitutional rights to due process. The Court finds that because these allegations are not based upon a liability created by statute, they fall within the four-year catch-all provision at NRS 11.220 and are not foreclosed.[2]

iii. Fourth Cause of Action

In its fourth cause of action, Wilmington seeks injunctive relief against SFR. As injunctive relief is a remedy rather than a stand-alone substantive claim, the Court finds that the statute of limitations does not by itself prohibit this requested relief.

iv. Fifth Cause of Action

In its fifth cause of action, Wilmington alleges that SFR has been unjustly enriched by the

---

[2] While SFR summarily argues that Wilmington's claims are time-barred even under a four-year statute of limitations, SFR does not explain why this would be true given SFR's concession that Wilmington filed its complaint greater than three but less than four years after the cause of action accrued.

HOA sale and usage of the Property. Wilmington's equitable unjust enrichment claim carries a four-year statute of limitations pursuant to the catch-all provision at NRS 11.220. The Court finds that Wilmington's unjust enrichment claim is therefore not foreclosed by the statute of limitations.

### ii. Facial Unconstitutionality

SFR argues that Wilmington's claim that NRS Chapter 116 facially violates its constitutional due process rights is foreclosed by Nevada Supreme Court case law. The Court agrees.

In <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u>, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), <u>cert. denied,</u> 137 S. Ct. 2296 (2017). This holding was based upon the Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter 116 as an "opt-in" notice statutory scheme. Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. <u>SFR Investments Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Plaintiff. <u>Id.</u> As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. <u>California Teachers Ass'n v. State Bd. of Educ.</u>, 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); <u>Owen By & Through Owen v. United States</u>, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. <u>JPMorgan Chase Bank, N.A. v. SFR</u>

Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in <u>SFR Investments Pool 1</u> and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process. Therefore, SFR is entitled to summary judgment on Wilmington's claim as to the facial constitutionality of NRS Chapter 116.

### iii. As-Applied Unconstitutionality

SFR argues that Wilmington lacks standing to make its due process challenge because it received actual notice of the HOA sale and therefore experienced no injury in fact. The Court interprets this to be an argument that Wilmington was not in fact deprived of constitutionally-compliant notice and that any as-applied due process challenge must therefore fail.

The Court finds that the notice in this case did not deprive Wilmington of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>Mennonite Bd. of Missions v. Adams</u>, 462 U.S. 791, 795 (1983) (<u>quoting</u> <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." <u>Mullane</u>, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." <u>Id.</u>

The Court finds, based upon Wilmington's own allegations, that Wilmington received notice of Washburn's intent to sell the property long before Washburn took any action to foreclose upon the its lien.[3] The Notice of Default was recorded on May 7, 2012 and the Notice of Trustee's Sale was recorded on August 28, 2012, providing adequate notice before the January 15, 2013

---

[3] The Court notes that Wilmington did not in fact acquire any interest in the property until over a year after the HOA sale had occurred. But because Wilmington's complaint and the instant motions do not differentiate between Wilmington and Wilmington's predecessor-in-interest for the purpose of discussing receipt of notice, non-payment of tender, accrual of the statute of limitations, and other material facts, the Court follows suit and uses "Wilmington" to also capture Wilmington's predecessor-in-interest when applicable.

8

auction. Wilmington does not allege that it was unaware of these notices. Because Wilmington had notice for several months of the intended sale of the property, Wilmington had sufficient opportunity to invoke whatever means available, including court intervention or engaging the foreclosing entities, to prevent or halt the sale. It did not. "[I]t is well established that due process is not offended by requiring a person with actual, timely knowledge of an event that may affect a right to exercise due diligence and take necessary steps to preserve that right." In re Medaglia, 52 F.3d 451, 455 (2d Cir. 1995). Wilmington's as-applied due process claim must consequently fail as a matter of law, entitling SFR to summary judgment.

### iv. Unjust Enrichment

SFR argues that Wilmington's unjust enrichment claim also fails as a matter of law. In its unjust enrichment count, Wilmington seeks to revoke from SFR (1) any interest in the Property and (2) the benefit of Wilmington's payment of taxes, insurance or HOA assessments since the time of the HOA Sale.

Unjust enrichment is a theory of restitution in which a plaintiff confers a benefit and seeks payment of "as much as he ... deserve[s]" for that benefit. Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (alteration in original). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment for the value thereof." Id. Benefit "denotes any form of advantage," including but not limited to retention of money or property. Id. However, "principles of unjust enrichment will not support the imposition of a liability that leaves an innocent recipient worse off . . . than if the transaction with the claimant had never taken place." Id.

Insofar as Wilmington argues SFR's interest in the property constitutes unjust enrichment, Wilmington cannot succeed. Wilmington cannot demonstrate that it possessed any encumbrance on the Property, as detailed by this Court above.

SFR argues that Wilmington's unjust enrichment claim regarding its alleged payment of taxes, insurance or HOA assessments is barred by the voluntary payment doctrine. "The voluntary

payment doctrine is a long-standing doctrine of law, which clearly provides that one who makes a payment voluntarily cannot recover it on the ground that he was under no legal obligation to make the payment." Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct., 338 P.3d 1250, 1252 (Nev. 2014) (citation omitted). Once SFR has shown that voluntary payments were made, Wilmington bears the burden to demonstrate that it meets an exception to the voluntary payment doctrine. Id. at 1254.

While SFR's legal argument has merit, SFR fails to identify facts to this Court regarding what payments Wilmington made and whether they were made voluntarily. Wilmington fails to respond to SFR's unjust enrichment arguments. The Court has not been presented with enough information at this time to conclude that SFR is entitled to summary judgment as to Wilmington's unjust enrichment claim regarding its alleged payment of taxes, insurance or HOA assessments.

### v. Cross-Claims and Counter-Claim for Quiet Title

SFR seeks summary judgment in its favor on its counter-claim against Wilmington for quiet title. It requests declaratory relief that the HOA sale vested title in SFR and that Wilmington lacks a right of redemption. Wilmington declines to address this argument in its response.

SFR additionally seeks summary judgment in its favor on its cross-claims against Filimon Mijarez, Eva Mijarez, and Housing and Urban Development. SFR has cross-claimed against these parties based on their potential claim to an interest in the Property. The Mijarezes have not participated in this lawsuit thus far. Housing and Urban Development filed a stipulation on December 18, 2017 noting that it declines to participate and agrees to accept the judgment of this Court, reserving its right to appeal. ECF No. 48.

As SFR is the record title holder, it is Wilmington's burden to show that the sale should be set aside. See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 646 (Nev. 2017). For the reasons discussed above, the Court finds that Wilmington is unable as a matter of law to show that its interest in the property was preserved. The Court can further identify no preserved interest in the property held by Filimon Mijarez, Eva Mijarez, or Housing and Urban Development. The Court therefore grants summary judgment as to SFR's counter-

///

claim against Wilmington and cross-claims against Filimon Mijarez, Eva Mijarez, and Housing and Urban Development and grants declaratory relief.

### b. Washburn's Motion for Summary Judgment

Washburn seeks summary judgment against Wilmington. Washburn and SFR each filed responses.

#### i. Propriety of Washburn as a Party

Washburn argues that it is an improper party to this suit. It asserts that Wilmington has no quiet title action against it because Washburn makes no claim or warranty to the title of the Property. Washburn argues that it takes no position as to whether the foreclosure sale did or did not extinguish Wilmington's deed of trust, nor on the quality of the interest conveyed to SFR. Wilmington and SFR both argue that Washburn is a necessary party to the resolution of this case.

The Court finds that Washburn is a proper party to this action. Wilmington seeks to nullify the HOA sale, which could implicate the reinstatement of Washburn's lien interest as an encumbrance against the Property. Moreover, Washburn was the party responsible for the foreclosure process, the constitutionality of which Wilmington seeks to litigate. The Court therefore disagrees that Washburn is an improper Defendant in this suit and declines to grant summary judgment on that basis.

#### ii. Facial and As-Applied Unconstitutionality

Washburn reiterates SFR's arguments above that (1) NRS Chapter 116 is not facially unconstitutional and (2) Wilmington had actual notice of the HOA sale compliant with procedural due process requirements. The Court incorporates by reference its analysis of these issues above and grants summary judgment as to these claims against Washburn.

#### iii. Commercial Reasonableness

Washburn argues that there is no requirement of commercial reasonableness in HOA non-judicial foreclosure sales conducted pursuant to NRS 116 and that, in the alternative, the foreclosure price was sufficient. In its complaint, Wilmington does not incorporate allegations of commercial unreasonableness in its counts against any Defendant, though Wilmington does allege that the HOA sale was commercially unreasonable in its general allegations. Wilmington also declines to address this argument in its response to Washburn's motion.

To the extent Wilmington has stated a claim against any Defendant based on the alleged commercial unreasonableness of the HOA sale, the Court agrees with Washburn that such a claim necessarily fails based upon Nevada law and clear Nevada Supreme Court precedent. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted). Thus, to the extent Wilmington bases a claim on commercial unreasonableness, such a claim is contrary to Nevada law and must be rejected.

### iv. Tender

Washburn argues that Wilmington never claims that it even attempted to tender any amount to Washburn. Because Wilmington had notice of the upcoming HOA sale and failed to take action to prevent it, Washburn argues, Wilmington is not entitled to relief. Wilmington does not address this argument in its response.

Pursuant to NRS 116.31162, a homeowner has at least 90 days following notice to pay off the prior nine months of unpaid HOA dues and maintenance and nuisance-abatement charges – constituting the HOA's super-priority lien – before an HOA may proceed to foreclosure sale. See

NRS 116.31162; SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). Wilmington's complaint does not allege that any tender was attempted or accepted. As discussed above, the Court has found that Wilmington received constitutionally adequate notice. The Court agrees that Wilmington makes no tender-related argument that would prevent a summary judgment in Washburn's favor.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the stay in this case is LIFTED.

**IT IS FURTHER ORDERED** that Defendant Washburn Creek Association's Second Motion for Summary Judgment (ECF No. 67) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 68) is DENIED in part and GRANTED in part as follows: DENIED as to Wilmington's unjust enrichment claim regarding taxes, insurance or HOA assessments; GRANTED as to all other claims by Wilmington; GRANTED as to SFR's counter-claim against Wilmington; and GRANTED as to cross-claims against Filimon Mijarez, Eva Mijarez, and Housing and Urban Development.

**IT IS FURTHER ORDERED** that the Court issues declaratory relief in favor of SFR and states the following: that the HOA foreclosure sale and the resulting foreclosure deed are valid as a matter of law; that SFR is the rightful owner of title to the Property; and that Wilmington, Filimon Mijarez, Eva Mijarez, and Housing and Urban Development have no legally cognizable interest in the Property at this time.

**IT IS FURTHER ORDERED** that a status conference is set in this case for April 23, 2019 at 1:00 PM in LV Courtroom 7C.

DATED: March 27, 2019.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE